UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 11-87-GWU

THOMAS GRIFFIE,                                                   PLAINTIFF,

VS.             **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                 DEFENDANT.

### INTRODUCTION

Thomas Griffie brought this action to obtain judicial review of an administrative denial decision on his application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

1

11-87  Thomas Griffie

          in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.     At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.     If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

     Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

4

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Griffie, a 49-year-old[1] former team manager and substitute school teacher with at least a high school education, suffered from impairments related to obesity and degenerative disc disease of the lumbar spine. (Tr. 33, 38).  Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a

---

[1] This was the plaintiff's age on the date he was last insured for the purposes of DIB.

restricted range of light level work during the time period pertinent to this appeal. (Tr. 34). Since the claimant was found able to return to his past relevant work, he could not be considered totally disabled. (Tr. 38-39). The ALJ also found that Griffie could perform a significant number of other jobs as an alternative. (Tr. 38).

Griffie previously filed applications for DIB and Supplemental Security Income in February of 2005 which were denied at all administrative levels and which became final as of June 11, 2007. (Tr. 30). The present ALJ did not reopen the prior applications. (Id.). On the present DIB application, the plaintiff alleges a disability onset date of June 12, 2007. (Tr. 141). The claimant's DIB-insured status expired on June 30, 2007. (Tr. 33). Therefore, the claimant must prove he became disabled during this very narrow time frame to qualify for DIB.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ found that Griffie was limited to light level work, restricted from a full range by such non-exertional restrictions as: (1) an inability to more than occasionally lift, carry, push and pull more than 15 pounds and 10 pounds frequently; (2) the need for a sit/stand option; (3) an inability to ever operate foot pedal controls; (4) an inability to more than occasionally balance, stoop, bend, twist, kneel, crouch and climb stairs and ramps; (5) an inability to ever crawl and climb

ladders, ropes and scaffolds; (6) a need to avoid more than limited exposure to vibration; and (7) a need to avoid all exposure to hazards such as unprotected heights and dangerous machinery. (Tr. 34). The ALJ found that these restrictions would not preclude performance of the plaintiff's past relevant work of team manager and substitute teacher. (Tr. 38). These restrictions appear essentially consistent with the job requirements of the two positions as described by the claimant on the Disability Report. (Tr. 197-199). Furthermore, during the processing of the prior applications, a vocational expert was presented with the same limitations and testified that these jobs could still be performed, along with a significant number of other jobs which were cited as an alternative finding to support the denial decision. (Tr. 84, 87-88). The current ALJ adopted these findings for the current time period. (Tr. 38-39).

Principles of res judicata require that the administration be bound by the findings of a prior ALJ unless a change of circumstances is proven upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material

evidence relating to such a finding . . . ."  The ALJ's findings in this case were consistent with these directives.

The ALJ properly concluded that the medical record did not reveal the existence of more severe physical restrictions than those found by the prior ALJ during the relevant time period prior to June 30, 2007.  In support of the denial decision, the ALJ cited treatment records from Dr. Ricky Collins (Tr. 383-400) and Dr. James Chaney (Tr. 425-456), dated from shortly before to shortly after the relevant time period (February, 2006 to August, 2008),  which did not identify the existence of more severe physical limitations than those previously found. Dr. Carlos Hernandez reviewed the record and opined that, prior to the date last insured, the claimant would be limited to light level work, restricted from a full range by an inability to more than occasionally kneel and crouch.  (Tr. 490-497).  The ALJ's findings were compatible with this opinion.  Finally, psychologist Ann Demaree reviewed the record and indicated that it did not reveal the existence of a "severe" mental impairment during the relevant time period. (Tr. 476-489).  These reports provide substantial evidence to support the administrative decision.

Dr. Chaney opined in December of 2009 and again in January of 2010 that Griffie was totally disabled and was unable to sit, stand, lift, bend, twist or drive for long periods.  (Tr. 542, 544).  The plaintiff argues that the ALJ erred by failing to give deference to the opinion of the treating physician.  With regard to Dr. Chaney's

disability opinion, the federal regulations provide that such an ultimate determination is an issue reserved to the Commissioner and not binding on the administration. 20 C.F.R. § 404.1527(e)(1).  The specific physical restrictions were issued more than two years after the expiration of Griffie's DIB-insured status and would not necessarily "relate back" to the relevant time period.  As previously noted, the ALJ did consider the lack of objective findings in Dr. Chaney's treatment notes which were closer in time to the relevant time frame.  (Tr. 37).  Therefore, the court finds no error.

Griffie asserts that the ALJ erred by failing to consider the combined effects of his impairments.  The court has already found that the ALJ's residual functional capacity assessment fairly depicted his condition during the relevant time period.  The plaintiff fails to articulate how the ALJ erred in making this assessment.  The record reveals that the ALJ clearly considered the claimant's "severe" impairments of obesity and degenerative disc disease of the lumbar spine but also the possible effects of his various non–severe impairments, such as gastroesphageal reflux disease, diabetes mellitus, a thyroid problem, hypertension, a history of umbilical hernia repair, hypercholesterolemia, Bell's Palsy, being status post left proximal tibia fracture with internal fixation, being status post left knee arthroscopy, colitis, a major depressive disorder, and a pain disorder.  (Tr. 33).  Therefore, the court finds no error.

11-87  Thomas Griffie

Griffie argues that his medical problems would prevent him from maintaining employment and, so, he could not meet the duration requirements for substantial gainful activity. The plaintiff cites the Ninth Circuit Court of Appeals case of Gatliff v. Commissioner of Social Security, 172 F.3d 690 (9th Cir. 1999) in support of his argument. However, in Gatliff, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact. Gatliff, 172 F.3d at 692. In the present action, Griffie has not identified similar evidence suggesting that he would not be able to maintain employment. Therefore, the court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 18th day of May, 2012.



Signed By:

G. Wix Unthank

United States Senior Judge

10